

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00009-CR

EX PARTE RAMONE COLEMAN

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1163456

----------

## MEMORANDUM OPINION[1]

----------

Ramone Coleman appeals the trial court's October 15, 2014 denial of his postconviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West Supp. 2014). Appellant filed his notice of appeal on January 13, 2015. On January 21, 2015, we sent him a letter stating our concern that we lacked jurisdiction over the appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). We informed him that the appeal could be dismissed unless he or any party desiring to continue the appeal filed a

---

[1]*See* Tex. R. App. P. 47.4.

response showing grounds for continuing the appeal on or before February 2, 2015. *See* Tex. R. App. P. 43.2(f), 44.3.

Appellant filed a response in which he contends that his request for findings of fact and conclusions of law extended the deadline for filing the notice of appeal; it does not. *See Ex parte Coleman*, No. 02-13-00183-CR, 2013 WL 3064515, at *1 (Tex. App.—Fort Worth June 20, 2013, no pet.) (mem. op., not designated for publication) (rejecting appellant's same argument in appeal from order denying prior article 11.072 application). *Compare* Tex. R. App. P. 26.1(a) (providing that time for filing notice of appeal is ninety days in civil appeals when request for findings of fact and conclusions of law is filed), *with* Tex. R. App. P. 26.2(a) (providing that notice of appeal in criminal cases must be filed within thirty days of appealable order unless timely motion for new trial filed).

Appellant did not file a timely motion for new trial that would have extended the time for filing his notice of appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (providing that untimely notice of appeal deprives appellate court of jurisdiction).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2014

2